IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-00059-F-1
No. 7:15-CV-00253-F

| | |
|---|---|
| ADAM ZACHARY JOHNSON, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on Adam Zachary Johnson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-52]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, Johnson's § 2255 motion is ALLOWED.

In his § 2255 motion, Johnson argues that pursuant to *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015), he is no longer eligible for the sentencing enhancement contained in 18 U.S.C. § 924(e). To be eligible for a sentencing enhancement under § 924(e)(1), Johnson must have sustained three previous convictions for a violent felony, serious drug offense, or both, prior to the commission of the instant offense. A "serious drug offense" requires a "maximum term of imprisonment of ten years or more [to be] prescribed by law." 18 U.S.C. § 924(e)(2).

In *Newbold*, the Fourth Circuit applied *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), to determine whether a North Carolina sentence imposed under the Fair Sentencing Act qualified as a serious drug offense for purposes of § 924(e)(2)(A). *Newbold*, 791 F.3d at 463. The court looked to the presumptive sentence that an offense carried and whether the defendant's state court judgment has "aggravating factors supporting a sentence within the

aggravated range," that is, a sentence above the presumptive sentence. *Id.* The court required the existence of aggravating factors even when the defendant received a consolidated sentence with other offenses. *Id.*

In its Response, the Government concedes that given the Fourth Circuit's holdings in *Newbold* and *Simmons*, it does not appear that Johnson sustained three serious drug offense convictions prior to the instant offense. Gov't's Resp. [DE-56] at 3. The Government notes that although Johnson may have an eligible conviction arising out of his 1993 North Carolina conviction for possession with intent to sell and deliver cocaine, his other drug-related convictions are either in the presumptive range (and below 120 month's imprisonment) or imposed pursuant to a plea agreement and below 120 months' imprisonment. *Id.*

Section 924(e) increases both the statutory minimum and maximum sentences of one who is convicted under § 922(g)(1), and Johnson ultimately received a sentence above the otherwise-unenhanced statutory maximum of 120 months. Thus, in light of *Newbold*, Johnson's sentence exceeded the statutory maximum.[1]

In light of the foregoing, including the Government's concessions, Johnson's § 2255 motion [DE-52] is ALLOWED. Johnson's November 14, 2011 Judgment [DE-41] of conviction and sentence hereby is VACATED, and he is to be promptly resentenced without the § 924(e) enhancement.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on

---

[1] The Government waives any potentially-applicable procedural defense, including the statute of limitations. Gov't's Resp. [DE-56] at 3 n.4.

2

the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. The court has reviewed the arguments raised, and in light of the applicable standard, a certificate of appealability is DENIED.

SO ORDERED.

This, the 13 day of January, 2016.

James C. Fox
JAMES C. FOX
Senior United States District Judge